Per Curiam.

This was an action of assault and battery, and false imprisonment, instituted by order of the Circuit Court of St. Charles county, in the name of the plaintiff, (Susan, tvho claimed her freedom,) against the defendant, (who claimed her as a slave.) The first and most difficult question which arises in the case, grows out of the defendant’s first plea, and the replication thereto. The plea alleges the plaintiff to be the slave of the defendant, and traverses her being free, as alledged in her declaration; the plaintiff replied that she is free, in manner and form as she has alledged in her declaration, and concludes to the country. The defendant demurred to this replication, and assigned as cause of demurrer, “ that the said replication takes a traverse upon a traveise, and traverses the inducement to the defendant’s traverse.” Upon this demurrer the Circuit Court gave judgment for the defendant, and the plaintiff applied to this Court. The act which regulates proceedings in cases of this kind, seems to have been passed for the sole purpose of enabling free persons, held in slavery, to recover their freedom, and to contemplate an issue which will ascertain whether the party held in slavery is free or not. Pursuing the spirit of this statute, the question naturally presents itself, whether the pleadings, in this case, tend to such issue with common certainty — the declaration is in common form the plea substantially justifies the trespass, by alledging that the plaintiff is his slave, but unnecessarily traverses a fact which is not averred in the declaration; if the defendant’s traverse were well taken, the replication would very correctly affirm the *83 subject of the traverse, and should not deny the inducement to it; and if the defendant had not added a traverse to the plea, a very apt and proper issue might have been formed by the plaintiff’s replying that she was free, and traversing the motion set forth in the plea, which would have been a formal and proper replication. Looking alone to the special cause sssigned, the demurrer was certainly improperly sustained, inasmuch as such cause does not'exist, for the replication simply affirms the freedom of the plaintiff, which is traversed by the defendant, and does not notice the inducement to such traverse.' The issue tendered by the replication was the appropriate one ; and although informal, yet, as the informality was occasioned by the defendant’s unnecessary traverse, and as the material fact was substantially put in issue by the replication, it is the opinion of this Court, that the Circuit Court erred in sustaining the demurrer to the replication. Whatever the state of the proceedings may be, the statute puts the burden of the proof on the plaintiff; and where the issue is found for the plaintiff, directs a 'judgment of emancipation. This shows, that the object of the Legislature was, to afford to plaintiffs of this description, all opportunity of having the question of freedom fairly put in issue between the parties. Upon the first error assigned, the judgment of the said Circuit Court must be reversed, and the cause remanded to that Court, there to be tried on an issue to be taken on the said fust plea of the defendant; and the appellant must recover of the appellee, the costs of this appeal.
As the judgment is reversed on the first error assigned, the Court deem it unnecessary to give any opinion as to ths otfier points.